HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PERCY F. NEWBY, LAWN LIMITED, MGMT LIMITED, CHURCH OF GOD AND APOSTLES, and THURSTON COUNTY,<br><br>　　　　　　Defendant. | CASE NO. 3:18-cv-05978<br><br>ORDER DENYING NEWBY'S MOTION TO DISMISS |

THIS MATTER is before the Court on Defendant Percy F. Newby's Motion to Dismiss for "Want of Territorial Jurisdiction." Newby argues that he is not subject to federal income tax because he is a Washington resident but not a U.S. resident, and that the Court lacks "territorial jurisdiction" over "the exact geographical location where the alleged activity mentioned in the complaint took place."

As an initial matter, Newby's Rule 12(b)(1) motion is untimely. His attack on "territorial jurisdiction" is effectively a claim that the Court lacks personal jurisdiction over him. A motion on this basis must be filed before the party's pleading (in this case, Newby's Answer to the

Complaint). Fed. R. Civ. P. 12(b). Newby filed his answer five months before he moved to dismiss, and his motion is untimely as a matter of law.

More importantly, if Newby's motion was timely, it is wholly without merit. The Court has general jurisdiction over Newby because he is a Washington resident. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("the paradigm forum for the exercise of general jurisdiction is the individual's domicile."). The Court also has specific jurisdiction over him because the central issues in the case—Newby's tax liabilities and his interests in real properties located in Washington—arise from Newby's activities here. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-76 (1985) (finding specific jurisdiction where the alleged injury arises from actions purposefully directed toward the forum). The Court has jurisdiction over Newby.

As the United States points out, the remainder of Newby's cut-and-paste "sovereign citizen" arguments have been consistently and roundly rejected, and the Court need not engage in the fruitless exercise of addressing them again here. Newby's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated this 27th day of June.

Ronald B. Leighton
United States District Judge