HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C18-5978RBL |
| Plaintiff, | ORDER |
| v. | |
| PERCY F NEWBY, | |
| Defendant. | |

THIS MATTER is before the Court on Defendants Newby's Motion for Recusal/Disqualification [Dk. # 34]. Also pending are Newby's Motion for Finding of Fact and Conclusions of Law [Dkt. # 32], and his Motion for Interlocutory Appeal and Stay of Proceedings [Dkt. # 36]. Those will be addressed following resolution of the Recusal motion.

In this civil case, the United States seeks to reduce to judgment federal income tax assessments against Newby, and to foreclose on tax liens on Newby-related properties in Yelm and Tenino. Newby filed his motion after the Court denied his "Motion to Dismiss for Want of Territorial Jurisdiction." [*See* Dkts. 26 and 31]. Newby argued that the Federal government, and therefore this Court, had no jurisdiction over him:

> 6. Defendants' activities occur at a privately-owned property and with private non-statutory contract trust (Pure Trust) establishment within Washington state. This court has jurisdictional authority within the "Western District of Washington" ONLY with regard to activities that occurred specifically "within" federal possessions located inside the territorial boundaries of the state of Washington.

[Dkt. 26 at 5].

The Court denied the motion. Newby now claims that the Court is biased against him because it did not accept his legal authorities:

> Judge Leighton appears to ignore quoted rulings of the Appellate Courts and the Supreme Court which supports Defendants case and appears to be prejudicial against the Defendant and contrary to evidence in the record.

[Dkt. # 34 at 2].

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This objective inquiry is concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). In the absence of specific allegations of personal bias, prejudice, or interest, "neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost never" constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Under the Local Rules of this District, a motion for recusal is addressed first to the presiding judge, and if

the judge does not recuse voluntarily, the matter is referred to the chief judge for review. *See* LCR 3(e). This Court therefore considers the recusal motion in the first instance.

Newby's Motion is based exclusively on an adverse ruling. He has not articulated any factual basis to reasonably question this Court's impartiality. This Court will not recuse itself voluntarily, and **REFERS** this matter to Chief Judge Martinez under LCR 3(e).

IT IS SO ORDERED.

Dated this 23rd day of July, 2019.

_____
Ronald B. Leighton
United States District Judge