# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. C18-5978RBL |
|---|---|
| Plaintiff, | ORDER AFFIRMING ORDER DECLINING TO RECUSE VOLUNTARILY |
| v. | |
| PERCY F. NEWBY, et al., | |
| Defendants. | |

This matter is before the Court on Defendant Percy F. Newby's ("Newby") Motion for Recusal/Disqualification. Dkt. #34. The Honorable Ronald D. Leighton, United States District Court Judge declined to voluntarily recuse and, in accordance with this Court's Local Civil Rules, the matter was referred to the Undersigned for review. Dkt. #37; LCR 3(f). Newby's Motion fails to provide an adequate factual basis supporting recusal and the Undersigned affirms Judge Leighton's decision.

As his sole reasons for recusal, Newby provides that he:

> has reason to believe that he cannot have a fair and impartial trial or hearing before the Honorable United States District Judge Ronald B Leighton, by reason of interest or prejudice. Judge Leighton appears to ignore quoted rulings of the Appellate Courts and the Supreme Court which supports Defendants case and appears to be prejudicial against the Defendant and contrary to evidence in the record.

ORDER – 1

Dkt. #34 at 1–2.

Pursuant to 28 U.S.C. § 455(a), a "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Further, section 144 of title 28 of the United States Code provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Under both § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Newby has not alleged any facts demonstrating a reasonable basis for recusal. Newby speculates from actions that Judge Leighton has taken in his judicial capacity. But, "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934,

ORDER – 2

939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). Newby falls far short of setting forth a reasonable basis upon which Judge Leighton's "impartiality might reasonable be questioned."

Accordingly, the Court finds and ORDERS that Judge Leighton's Order (Dkt. #37) declining to recuse himself is AFFIRMED. The Clerk shall mail a copy of this Order to Defendant Percy F. Newby at his last known address.

DATED this 24 day of July, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3