| | |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C18-5978RBL |
| Plaintiff, | ORDER |
| v. | |
| PERCY F NEWBY, | |
| Defendant. | |

THIS MATTER is before the Court on the following motions: Defendant Newby's Motion for Findings of Fact & Conclusions of Law to Support Dismissal (sic) of Defendant's Motion to Dismiss [Dkt. # 32]; Motion for Interlocutory Appeal and Stay of Proceedings [Dkt. # 36]; and Motion for Reconsideration of Order Denying Recusal [Dkt. # 41]. Also pending is Newby's Motion for a Protective Order, noted for August 9. That Motion will be resolved in a separate Order.

Newby cites no authority for his request that the Court make findings of fact and enter conclusions of law to support its denial of Newby's facially-frivolous motion to dismiss. Such findings are entered at the end of a bench trial. They are inappropriate on a motion to dismiss, or

ORDER - 1

even on a motion for summary judgment. Newby's Motion for the Court to enter findings and conclusions in support of its denial of his motion is **DENIED**.

Newby also seeks to appeal (or claims that he has already appealed) the Order denying his motion to dismiss. Interlocutory appeals are not the norm, and they are not appeals as of right. Normally, a party may appeal only a final judgment. 28 U.S.C. §§ 1291, 1292. An Order denying a motion to dismiss for lack of territorial jurisdiction is not a final judgment. Newby must therefore obtain this Court's permission (or the Ninth Circuit's) to file an interlocutory appeal. The standard for such a request requires Newby to demonstrate that the order involves a question of law as to which there is substantial ground for difference of opinion, and that immediate appeal from the order may materially advance the ultimate termination of the litigation. § 1292(b). Newby has not met this standard; there is no room for difference of reasonable opinion as to whether this Court has jurisdiction over Newby, a resident of Washington state. Newby's Motion for Leave to file an Interlocutory Appeal on this point is **DENIED**. Newby's request for a stay is also **DENIED**.

Finally, Newby asks the Court to Reconsider its Order denying his motion to recuse. He repeats his claim that the Court's failure to recognize the wisdom and accuracy of his authorities on the Court's jurisdiction is evidence of its bias against him.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

A judge's prior adverse ruling is not sufficient cause for recusal. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

//
//
//

Newby's sole, repeated argument is that the Court's Order is wrong. That is almost never a valid basis for recusal, and it certainly is not here. The Motion for Reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated this 12th day of August, 2019.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge