HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>PERCY F NEWBY,<br><br>                Defendant. | CASE NO. C18-5978RBL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

THIS MATTER is before the Court on Plaintiff Newby's Motion for Reconsideration [Dkt. # 67] of the Court's Order [Dkt. # 64] denying Newby's Motion to Compel [Dkt. # 57]. Newby seeks to make the government answer discovery such as:

1. Provide evidence that Title 26 U.S.C. has been enacted into positive law and constitute "legal evidence" of laws of the United States. (When there is controversy over any given section of the United States Code, regardless of title, recourse must be had to the Statutes at Large as publication in the Statutes at Large constitutes "conclusive evidence" of laws of the United States.)

[Dkt. # 57-2 at 1].

The Court denied Newby's motion as frivolous.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Newby's motion for reconsideration does not meet this standard, and it is DENIED.

IT IS SO ORDERED.

Dated this 15th day of November, 2019.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge