HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

 v.

PERCY F NEWBY, et al.,

    Defendants.

CASE NO. C18-5978RBL

ORDER

THIS MATTER is before the Court on Defendant Newby's second Motion to Recuse/for Disqualification [Dkt. # 88]. Newby complains that the United States filed a "motion for leave to file an overlength brief" [Dkt. # 77] but that, because Newby does not receive electronic notice of such filings, the Court granted the request before Newby had a chance to oppose it. Newby has since filed a response to the request, which, like the current motion, focusses solely on the timing of the request. He does not articulate any basis for denying a common (and routinely granted) same-day motion for leave to file an over-length brief. [*See* Dkt. # 82].

ORDER - 1

1 In any event, Newby again asks the Court to recuse itself (or for Chief Judge Martinez to
2 disqualify it) based on the "bias" evident in the Court's granting the Plaintiff's motion for leave
3 to file an overlength brief.

4 A federal judge should recuse himself if "a reasonable person with knowledge of all the
facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C.
§ 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.
1993). This objective inquiry is concerned with whether there is the appearance of bias, not
whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see
also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). In the absence of specific
allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his
participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*,
650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost never" constitute a valid
basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Under the Local Rules of this District, a motion for recusal is addressed first to the
presiding judge, and if the judge does not recuse voluntarily, the matter is referred to the chief
judge for review. *See* LCR 3(e).

Newby's Motion is based only on a ruling made in this case, which is not a valid basis for
a motion to recuse. And the ruling itself is utterly benign—permission to file an overlength brief.
Newby is free to file an overlength response, and is encouraged to do so in a timely manner. The
Court will not recuse itself from this case voluntarily based on the claim that the Court's prior
ruling is evidence of bias or a lack of impartiality.

1     Under LCR 3(e), this Matter is REFERRED to Chief Judge Martinez for review.

2     IT IS SO ORDERED.

3     Dated this 6th day of January, 2020.

                                                                     Ronald B. Leighton
                                                                       United States District Judge