HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PERCY F NEWBY, et al.,

        Defendants.

CASE NO. C18-5978RBL

ORDER

THIS MATTER is before the Court on Defendant Newby's second Motion to Recuse/for Disqualification [Dkt. # 88]. Newby complains that the United States filed a "motion for leave to file an overlength brief" [Dkt. # 77] but that, because Newby does not receive electronic notice of such filings, the Court granted the request before Newby had a chance to oppose it. Newby has since filed a response to the request, which, like the current motion, focusses solely on the timing of the request. He does not articulate any basis for denying a common (and routinely granted) same-day motion for leave to file an over-length brief. [*See* Dkt. # 82].

In any event, Newby again asks the Court to recuse itself (or for Chief Judge Martinez to disqualify it) based on the "bias" evident in the Court's granting the Plaintiff's motion for leave to file an overlength brief.

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This objective inquiry is concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost never" constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Under the Local Rules of this District, a motion for recusal is addressed first to the presiding judge, and if the judge does not recuse voluntarily, the matter is referred to the chief judge for review. *See* LCR 3(e).

Newby's Motion is based only on a ruling made in this case, which is not a valid basis for a motion to recuse. And the ruling itself is utterly benign—permission to file an overlength brief. Newby is free to file an overlength response, and is encouraged to do so in a timely manner. The Court will not recuse itself from this case voluntarily based on the claim that the Court's prior ruling is evidence of bias or a lack of impartiality.

Under LCR 3(e), this Matter is REFERRED to Chief Judge Martinez for review.

IT IS SO ORDERED.

Dated this 6th day of January, 2020.

Ronald B. Leighton
United States District Judge