HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PERCY F. NEWBY, et al.,

        Defendants.

CASE NO. C18-5978RBL

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on the Plaintiff United States' Motion for Summary Judgment on its claims against Defendant Newby and his various entities: Lawn Limited, MGMT Limited, and Church of God and the Apostles[1]. [Dkt. # 79]. The United States asks the Court to (1) determine that Newby owes and has not paid federal income taxes for 2002 - 2006, (2) determine that Newby owes fraudulent-failure-to-pay penalties, and (3) to establish its right

---

[1] MGMT and Church of God and the Apostles have not responded to the case or the motion and the Court has entered a default judgment against them. [Dkt. # 96]. Lawn Limited did file a response (signed by its "trustees," Jamie Wallin and Marliza Melzer, who are not attorneys admitted to practice in this district). [Dkt. # 101]. An artificial entity cannot appear *pro se* in this or any other court. Court will not consider Lawn Limited's response. It will note that the document merely repeats Newby's own incorrect and irrelevant arguments.

to foreclose on federal tax liens on two properties (the 119th Way Property[2] and the Thompson Creek Property[3]) owned by Newby or Lawn Limited.

Newby is *pro se*, and as a result cannot and does not represent the defendant entities. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C.Cir.1953), *cert. denied*, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954). Newby has responded to the government's case and this motion, but none of his filings address the substance of the claims themselves. For the reasons below, the Government's Motion for Summary Judgment is GRANTED.

**A. Background**

The government has meticulously documented Newby's income, his efforts to avoid taxes, and the taxes it claims he owes for 2002 - 2006. It demonstrates his refusal to pay and the various transactions and mechanisms he has implemented in an effort to shield his money and his two properties from the IRS. It demonstrates that Newby formerly filed tax returns, but now instructs employers not to withhold income taxes from his wages. He uses "nominee" entities like Lawn Limited to shield income and assets. He obtains credit on the basis of claimed income, but does not report that income to the IRS. [*See* Motion Dkt. # 79 at 5, Olson Decl. Dkt. # 80 and Exhibits thereto]. The government demonstrates that Newby in fact earned income and concealed it through various entities, that he used those entities as personal assets and withdrew cash from them. The government has also demonstrated that it assessed penalties based on a fraudulent failure to pay, and why those penalties are proper. It has provided a summary of the amounts owed, and it comports with the exhibits and calculations supplied:

---

[2] The 119th Property is located at 15011 119th Way SE, Yelm WA 98597.

[3] The Thompson Creek Property is located at 22306 Thompson Creek Road SE, Tenino WA 98589.

| Tax Year | Assessment Date | Assessment Amount | | Unpaid Balance as of Dec. 31, 2019[2] |
|---|---|---|---|---|
| 2002 | 12-01-2008 | Income Taxes: | $22,175.00 | $93,520.70 |
| | 12-01-2008 | Late Payment Penalty: | $5,543.75 | |
| | 12-01-2008 | Fraudulent Late Filing Penalty: | $16,076.88 | |
| | 12-01-2008 | Estimated Tax Penalty: | $741.03 | |
| | 12-01-2008 | Interest: | $15,933.31 | |
| | 10-19-2009 | Fees and Collection Costs: | $18.00 | |
| | 11-04-2013 | Interest: | $11,762.33 | |
| | 11-03-2014 | Interest: | $2,194.14 | |
| | 11-09-2015 | Interest: | $2,304.92 | |
| | 11-07-2016 | Interest: | $2,804.10 | |
| | 11-20-2017 | Interest: | $3,363.15 | |
| | 07-09-2018 | Fees and Collection Costs: | $198.00 | |
| | 09-17-2018 | Fees and Collection Costs: | $594.00 | |
| | 09-17-2018 | Fees and Collection Costs: | $444.00 | |
| | 10-29-2018 | Fees and Collection Costs: | $248.00 | |
| | 12-03-2018 | Fees and Collection Costs: | $296.00 | |
| 2003 | 12-01-2008 | Income Taxes: | $18,235.00 | $72,652.50 |
| | 12-01-2008 | Late Payment Penalty: | $4,558.75 | |
| | 12-01-2008 | Fraudulent Late Filing Penalty: | $13,220.38 | |
| | 12-01-2008 | Estimated Tax Penalty: | $470.49 | |
| | 12-01-2008 | Interest: | $11,137.95 | |
| | 11-04-2013 | Interest: | $9,261.21 | |
| | 11-03-2014 | Interest: | $1,727.48 | |
| | 11-09-2015 | Interest: | $1,814.69 | |
| | 11-07-2016 | Interest: | $2,207.71 | |
| | 11-20-2017 | Interest: | $2,647.86 | |
| 2004 | 12-01-2008 | Income Taxes: | $12,664.00 | $46,812.23 |
| | 12-01-2008 | Late Payment Penalty: | $2,698.08 | |
| | 12-01-2008 | Fraudulent Late Filing Penalty: | $8,891.40 | |
| | 12-01-2008 | Estimated Tax Penalty: | $350.16 | |
| | 12-01-2008 | Interest: | $6,153.88 | |
| | 10-31-2011 | Late Payment Penalty: | $367.92 | |

| Tax Year | Assessment Date | Assessment Amount | | Unpaid Balance as of Dec. 31, 2019[2] |
|---|---|---|---|---|
| | 11-04-2013 | Interest: | $5,926.54 | |
| | 11-03-2014 | Interest: | $1,113.07 | |
| | 11-09-2015 | Interest: | $1,169.26 | |
| | 11-07-2016 | Interest: | $1,422.49 | |
| | 11-20-2017 | Interest: | $1,706.09 | |
| 2005 | 12-01-2008 | Income Taxes: | $1,845.00 | $6,546.60 |
| | 12-01-2008 | Late Payment Penalty: | $295.20 | |
| | 12-01-2008 | Fraudulent Late Filing Penalty: | $1,337.63 | |
| | 12-01-2008 | Interest: | $665.73 | |
| | 10-31-2011 | Late Payment Penalty: | $166.04 | |
| | 11-04-2013 | Interest: | $816.11 | |
| | 11-03-2014 | Interest: | $155.66 | |
| | 11-09-2015 | Interest: | $163.52 | |
| | 11-07-2016 | Interest: | $198.93 | |
| | 11-20-2017 | Interest: | $238.60 | |
| 2006 | 12-01-2008 | Income Taxes: | $6,869.00 | $23,161.31 |
| | 12-01-2008 | Late Payment Penalty: | $686.90 | |
| | 12-01-2008 | Fraudulent Late Filing Penalty: | $4,980.02 | |
| | 12-01-2008 | Estimated Tax Penalty: | $325.06 | |
| | 12-01-2008 | Interest: | $1,404.68 | |
| | 10-31-2011 | Late Payment Penalty: | $1,030.34 | |
| | 11-04-2013 | Interest: | $2,838.31 | |
| | 11-03-2014 | Interest: | $550.71 | |
| | 11-09-2015 | Interest: | $578.52 | |
| | 11-07-2016 | Interest: | $703.81 | |
| | 11-20-2017 | Interest: | $844.12 | |
| | | | **TOTAL:** | **$242,693.34** |

(Ex. 59; Olson Decl., ¶¶ 6-10, Ex. 62.)

[Dkt. # 79 at 5-6]

The government has demonstrated that Lawn Limited—an "irrevocable pure business trust," in Newby's view—was a dormant company that Newby obtained from David Carroll Stephenson (a convicted tax avoider and tax scheme promoter) and that holds title to the two properties upon which the United States seeks to execute for payment of the taxes as calculated (as of December 31, 2019).

The United States has demonstrated that MGMT is a corporation tied to a similarly convicted tax avoidance schemer, Kenneth Wayne Leaming, and that it held title to the 119th Way Property. Newby used the Church of God and the Apostles to acquire the Thompson Creek Property. Finally, the government has explained and demonstrated how Newby founded Silverwater (another "irrevocable business trust" owned and controlled by Newby) and that it operates out of the 119th Way Property.

The IRS filed Notices of Federal Tax Liens on both Properties with the Thurston County Auditor in 2018, in an effort to collect the amounts due through foreclosure on the properties. Newby then took various steps to distance himself from the entities which owned the properties.

In late 2018, The United States sued Newby and the entities he created to reduce the tax assessments to judgment, and to foreclose on the tax liens against the two properties.

Through this litigation, Newby has himself confirmed that he believes he has "extricated" himself from the United States' "illegitimate" tax system, and that he does not owe income taxes. He claims he is a citizen of the Republic of Washington, but not of the United States. He does not argue that he did not earn income, that the math is wrong, or that he has paid the taxes; he claims that the United States and the Department of the Treasury do not have the right to impose any income tax on him, and that they do not have the right to seek money from him in this Court:

5. Mr. Newby continues to dispute that the IRS enforcement authority in this case is not located under the regulations pertaining to the Puerto Rico Bureau of Alcohol Tobacco & Firearms in Title 27 CFR.

> 6. Mr. Newby continues to dispute that the internal revenue code (Philippines) or Internal Revenue Code (Puerto Rico) is not the repealed National Prohibition Act that is located in Title 26 USC.
>
> 7. Mr. Newby continues to dispute that the Internal. Revenue Service is an agency of the Department of the Treasury of the United States or that it can be found listed under the Department of the Treasury (Title 31 USC).

[Dkt. # 104 at 13][4]

Though he objects to the term "tax defier," it is apparent that Newby does not believe that the government can impose any income tax on him absent a contractual relationship between it and him:

> 20. Mr. Newby continues to dispute that there is any contract in evidence upon which a claim could lie.

[Dkt. # 104 at 5]. The remainder of his Response, like most of his other various filings in this case, is of a similar character, and of similar effect.

**B. Discussion**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

---

[4] Dkt. # 104 is Newby's Amended Response to the Government's Summary Judgment Motion. The Government argues that it is late, duplicative, and unauthorized. But Newby is *pro se* and the Court will consider his best version of his responsive arguments. The government's Motion to Strike Newby's filing is DENIED.

A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

As an initial matter, the government has met its initial burden of establishing a prima facie case that Newby owes, and has not paid, income taxes for 2002 - 2006. The documentation it has produced and described is probative evidence of Newby's income tax obligation. *See*, for example, *Hansen v United States*, 7 F.3d 137 (9th Cir. 1993). Once it does so, the burden shifts to the taxpayer/defendant to show that he is not liable. *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990). The Government has also met its burden of establishing a link between Newby and the income-producing activity and the amount of unreported income. *See Garner v. Comm'r*, 845 F.3d 971 (9th Cir. 2017); *See* Olson Dec. Dkt. # 80 at Exs. 60 and 61.

Newby has made no argument and produced no evidence (even where he complains that the government provided incomplete deposition transcripts, for example) undermining in any way the

government's claim that he earned income, did not report it, and failed to pay taxes on it. Newby's entire defense is that the government doesn't have the authority to collect taxes in the absence of a contract—an agreement between it and him that he would pay income tax. He argues that this court does not have jurisdiction over him or the government's claims. These well-worn arguments are specious, and they have been uniformly rejected, whether Newby acknowledges or embraces the "sovereign citizen" label or not.

The government amply demonstrates that Newby's conduct has many of the "badges" of fraud: his arguments are frivolous, he actively concealed assets and transactions, he formerly filed returns until he decided he had unilaterally "extricated" himself from that obligation, he filed false W-4s, and he used nominee entities to hide assets. *See* Olson Dec Dkt. # 80, Exs. 61 and 63. Its assessment of fraudulent-failure-to-file penalties are therefore well-documented and warranted. Newby's references to and reliance on criminal law and principles are not persuasive; this is a civil case, not a criminal one.

In short, the government laid out a detailed, thorough case and Newby has failed almost entirely to respond to it. He certainly has not established that he is not liable for the taxes, or raised any question of fact or law about his ownership and use of Lawn Limited, MGMT, or the Church of God. Lawn Limited is Newby's alter ego as to the ownership of both properties, and even if the transfers to it were otherwise effective, the government has demonstrated that they were for a fraudulent purpose. *See* RCW § 19.40.041. They are voidable under RCW § 19.40.051(1). The government has met its summary judgment burden and is entitled to judgment as a matter of law.

//

//

//

The United States' Motion for Summary Judgment is therefore GRANTED. The Clerk shall enter a judgment against Newby in the amount of **$242,693.34**. This judgment is enforceable against the 119th Way Property and the Thompson Creek Property, and the government shall provide a proposed Order permitting it to foreclose on the tax liens to satisfy its judgment.

IT IS SO ORDERED.

Dated this 5th day of February, 2020.

Ronald B. Leighton
United States District Judge