Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PERCY F. NEWBY, ) <br> LAWN LIMITED, ) <br> MGMT LIMITED, ) <br> CHURCH OF GOD AND APOSTLES, and ) <br> THURSTON COUNTY, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 3:18-cv-05978-MJP <br><br> **ORDER GRANTING UNITED STATES' MOTION TO APPOINT RECEIVER FOR THOMPSON CREEK PROPERTY** |

The United States has filed a motion to appoint a receiver to sell the Thompson Creek Property, and has nominated Paul W. Valentine of Fay Ranches Inc. DBA Fay Ranches-Washington Inc. to take custody and arrange for the sale of the Thompson Creek Property. For good cause shown, it is hereby:

ORDERED that the United States' Motion to Appoint Receiver for Thompson Creek Property is GRANTED, and Paul W. Valentine of Fay Ranches Inc. DBA Fay Ranches-Washington Inc. is APPOINTED, pursuant to 26 U.S.C. § 7402(a) and § 7403(d), to act as the receiver to enforce the tax liens at issue in this case according to the terms set out below.

Order Granting U.S. Motion to Appoint
Receiver – Thompson Creek Property
(Case No. 3:18-cv-05978-MJP)

1

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

**Property Subject to Receivership**

Paul W. Valentine, Real Estate Managing Broker License #16858, of Fay Ranches Inc. DBA Fay Ranches-Washington Inc., 7249 Old Hwy 99 SE, Tumwater, WA 98501, (360) 239-1994 (hereafter, "the Receiver") is directed to take custody immediately and arrange the sale of the following real property, subject to approval by this Court:

> Parcel A of Boundary Line Adjustment No. BLA-1832 as recorded August 14, 1996 under Auditor's File Nos. 3046345 and 3046346 in Thurston County, Washington.
>
> Abbreviated Legal Description: Section 19 Township 15 Range 1E Quarter SE SW & SW SE BLA-1832 TR A Document 3046346.

The real property located in Thurston County with a street address of 22306 Thompson Creek Road SE, Tenino, Washington 98589, bearing Thurston County Parcel No. 21519340000 and described more particularly as follows:

This property is referred to here as the "Thompson Creek Property." The Receiver is directed to take possession of the Thompson Creek Property, including all improvements, buildings, fixtures, materials, contents, and appurtenances thereon, to preserve and protect the value of that property, to put it into saleable condition, and to arrange for the sale of that property, free and clear of any rights, titles, claims, or interests of any of the parties to this action.

**The Receivership**

The Receiver's sale of the property shall occur according to the following terms:

1. The Receiver shall have the authority to, and is directed to, arrange for the sale of the Thompson Creek Property subject to approval by this Court. The initial listing price may be set by the United States in consultation with the Receiver. If lack of buyer interest or buyer feedback indicates that the listing price is too high, the United States, in consultation with the Receiver, may lower the listing price. The United States, in consultation with the Receiver, shall

Order Granting U.S. Motion to Appoint
Receiver – Thompson Creek Property
(Case No. 3:18-cv-05978-MJP)

2

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

have the exclusive authority to decide what counter-offers, if any, to make in response to an offer. The United States shall have the exclusive authority to decide whether to accept an offer or counter-offer for the property, conditioned on Court approval. The terms of any purchase agreement shall include the balance of the purchase price paid in cash or certified check at closing, and shall include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform. Any forfeited earnest money proceeds shall be distributed first to the Receiver to the extent of expenses incurred by the Receiver in accordance with paragraph 2 of this order, with the remainder to be deposited into the court registry for further adjudication, except to the extent the United States, in its exclusive discretion, agrees that such monies may be used for maintenance, repairs, and/or improvements. A purchase agreement may include other customary and reasonable terms in the discretion of the United States, in consultation with the Receiver. The closing shall not occur until after the sale has been approved by further order of this Court. At closing, the purchaser or purchasers shall receive a quitclaim deed to the Thompson Creek Property, executed by the Receiver that shall be free and clear of the interests or other claims of all parties to this action with the same to attach to the proceeds in the same order of priority as they have against the property.

2. The Receiver shall have all of the rights and powers necessary to fulfill his obligations under this Order, specifically including, but not necessarily limited to, the power to enter the Thompson Creek Property, to inspect the Thompson Creek Property, to advertise the sale of the Thompson Creek Property, to show the Thompson Creek Property to prospective buyers, to take any action reasonably necessary to protect and preserve the value of the Thompson Creek Property prior to sale, and to put the Thompson Creek Property into saleable condition, including making expenditure of funds that are first approved by the United States for

Order Granting U.S. Motion to Appoint
Receiver – Thompson Creek Property
(Case No. 3:18-cv-05978-MJP)

3

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6547

reasonable and necessary repairs, maintenance, and minor improvements, including, but not limited to, the purchase of property and liability insurance.

3. Any persons occupying the Thompson Creek Property were previously required to vacate the property permanently within 30 days of the March 9, 2020 Order of Sale (Dkt. #123). Taking into account the stay of enforcement through July 1, 2020, any persons should have vacated the Thompson Creek Property no later than July 31, 2020, each taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Thompson Creek Property). Dkt. #123, ¶ 5.

4. If, after 14 days from the date of this Order, any person has failed or refused to vacate the Thompson Creek Property, the Receiver is authorized to coordinate with the United States Marshals Service or the Thurston County Sheriff's Office to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service and/or the Thurston County Sheriff's Office are authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order. The United States Marshals Service and/or the Thurston County Sheriff's Office are further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order. Any personal property remaining on the Thompson Creek Property after 14 days from the date of this Order is deemed forfeited and abandoned, and the Receiver is authorized to dispose of it in any manner seen fit, including sale, in which case the proceeds of that sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution. The United


Order Granting U.S. Motion to Appoint
Receiver – Thompson Creek Property
(Case No. 3:18-cv-05978-MJP)

4

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6547

States may authorize the Receiver to consult with various experts on the sale of contents inside the property, including art, furnishings, vehicles, and equipment. Nothing in this Order shall be construed to restrict or otherwise interfere with the Internal Revenue Service's ability to administratively collect against personal property, in accordance with the law.

5. The Receiver shall be compensated from the proceeds of the sale of the Thompson Creek Property (a) in an amount equal to seven-percent (7%) of the gross sale proceeds from which the Receiver must pay any buyer broker commission; (b) for his reasonable and necessary expenditures under paragraph 2 above (*i.e.*, for repairs, maintenance, minor improvements, and/or insurance) that were first approved by the United States; and (c) with respect to any consultations concerning the sale of personal property that were first approved by the United States under paragraph 4, above, the Receiver is authorized to charge $50 per hour for these services, limited to no more than 20 hours per month. The Receiver shall receive payment of the above-described compensation from a distribution from the proceeds of a sale approved by the Court at closing, as a direct cost of sale, and before any net sale proceeds are used to pay the claims of the parties to this action.

6. Net proceeds shall be deposited with the Court unless directed otherwise in a sale authorization order. After the closing of a sale of the Thompson Creek Property, the United States shall file a request for an order of distribution of the net sale proceeds according to the previously determined order of priority, *see* Dkt. #123, ¶ 8,[1] which shall propose which person

---

[1] The Order of Sale contained an order of priority for the distribution of sale proceeds. The first priority was costs of sale to IRS PALS (Property Appraisal and Liquidation Specialists), but since PALS will not be selling the Thompson Creek Property, the distribution of net sale proceeds should start instead with the second priority—any unpaid real property taxes. *See* Dkt. #123, ¶ 8.

Order Granting U.S. Motion to Appoint
Receiver – Thompson Creek Property
(Case No. 3:18-cv-05978-MJP)

5

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

and/or entities shall receive payment from the net proceeds and the amount each person and/or entity shall receive.

7. All of the defendants in this case, and all other persons acting in concert with, or on their behalf, are hereby restrained and enjoined from doing anything that tends to interfere with or reduce the value or marketability of the Thompson Creek Property, or from interfering with the Receiver, or with the Receiver's efforts to comply with his obligations under this Order. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

IT IS SO ORDERED.

Dated this 8th day of December, 2020.

*[signature]*

MARSHA J. PECHMAN
United States District Judge

Order Granting U.S. Motion to Appoint Receiver – Thompson Creek Property
(Case No. 3:18-cv-05978-MJP)

6

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6547

Presented by:

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Jennifer Y. Golden
JENNIFER Y. GOLDEN
DYLAN C. CERLING
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044
Tel:  202-307-6547 (Golden)
Tel:  202-616-3395 (Cerling)
Fax: 202-307-0054
Jennifer.Y.Golden@usdoj.gov
Dylan.C.Cerling@usdoj.gov

*Attorneys for the United States of America*

Order Granting U.S. Motion to Appoint Receiver – Thompson Creek Property
(Case No. 3:18-cv-05978-MJP)

7

**U.S. Department of Justice**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547